# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2344 | DATE | 11/16/2004 |
| CASE TITLE | LARRY JACKSON vs. COOK COUNTY SHERIFF POLICE DEPARTMENT | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss Amended Complaint [13-1] is granted and the Amended Complaint is dismissed without prejudice. If Plaintiff, Larry Jackson, wishes to attempt to replead again, he should do so within 21 days of this Order. At that time, the dismissal will become one with prejudice in the absence of any further pleading being filed.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 11/17/04 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| TBK courtroom deputy's initials | | 2004 NOV 16 PM 3:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOK COUNTY SHERIFF POLICE )<br>DEPARTMENT, )<br>)<br>Defendant. ) | Case No. 04 C 2344<br><br>Judge Mark Filip |

DOCKETED
NOV 1 7 2004

MEMORANDUM OPINION AND ORDER

*Pro se* plaintiff Larry Jackson ("Plaintiff" or "Jackson") sued the "Cook County Sheriff Police Dept." complaining of alleged improprieties concerning a traffic citation issued in connection with a traffic accident that occurred in April 2002. (D.E. 1.) In his initial complaint, Jackson sought to invoke the jurisdiction of the federal courts based on an unenacted Congressional bill relating to racial profiling. (*Id.* at 3.) In response to a motion to dismiss filed by Richard A. Devine, the State's Attorney of Cook County, Illinois (D.E. 4), Jackson filed an amended complaint in which he invoked the jurisdiction of this Court under 42 U.S.C. § 1983 (D.E. 11.) In response, State's Attorney Devine again sought dismissal of the Amended Complaint. (D.E. 13.) Jackson was given an opportunity to file a response to the motion to dismiss (D.E. 12) but he did not file anything. As explained further below, while the Amended Complaint now properly invokes federal jurisdiction, the Court agrees that it does not properly allege a claim against the Cook County Sheriff. Accordingly, the Amended Complaint is dismissed without prejudice.



## BACKGROUND FACTS[1]

In the Amended Complaint, Jackson alleges that he was driving a truck on Golf Road on April 8, 2002. (D.E. 11 at 1.) At that time, according to Jackson, he was cut off by another vehicle and Jackson appears to deny that he hit the car. (*Id.*) Jackson alleges that an unnamed Officer from the Cook County Sheriff's Police thereafter arrived who "led me to believe that we both would get a ticket and it would be settled in court." (*Id.*) The officer indicated on the traffic ticket that there was damage in excess of $500 as a result of the accident, but Jackson denies that there was such damage. (*Id.*) Jackson alleges that "the situation was fraudulent and deceptive," but "the Cook County Sheriff Police Officer" "aided and [abetted] the situation"—an apparent reference to Jackson's belief that he was the victim of an insurance fraud and that the officer's citation of Jackson assisted in the perpetration of this alleged fraud. (*Id.* at 2.)

Jackson further avers that his ticket was dismissed on May 29, 2002. (*Id.*) He appears to assert that the Secretary of State nonetheless noted on his driving record that he was involved in a "collision involving property damage" that may have increased his automobile insurance premiums. (*Id.*) Jackson avers that the officer lied when he said that the collision involved property damage. (*Id.*) Jackson seeks $200,000 in punitive damages and expungement of his traffic record.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *accord Johnson v.*

---

[1] The background facts are taken from Plaintiff's Amended Complaint (D.E. 11) and are assumed to be true, as precedent requires, for present purposes. The Court takes no position concerning whether any of the allegations are actually well founded.

*Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on the motion, the Court accepts all well-pleaded facts alleged in the complaint as true and accords the plaintiff every reasonable inference from those facts. *See McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). Dismissal is appropriate only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Court reads *pro se* litigants' complaints generously, as precedent instructs. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

I.  Claim I: The Cook County Sheriff's Police Department as a Legal Entity

The Amended Complaint fails as a matter of law. First, as the State's Attorney argues, the Amended Complaint does not sue a cognizable juridical entity. In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit. *See DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 977 n.2 (7th Cir. 2000). In this regard, precedent instructs that departments within a governing unit lack the requisite separate legal existence. *Givens v. Velasco*, No. 99 C 6124, 2004 WL 784072, at *4 (N.D. Ill. Jan. 28, 2004) (citing *Jordan v. City of Chicago*, 505 F. Supp. 1, 4 (N.D. Ill. 1980)) ("Departments of a governing body which have no legal existence separate from the governing body cannot be sued under Section 1983."); *Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). The "Cook County Sheriff's Police Department" lacks the necessary separate legal existence to be sued. *See DeGenova*, 209 F.2d at 977 n.2 (holding that while the Sheriff's Department of DuPage County is not a suable entity under Illinois law because it does not have a separate legal existence, the Sheriff of DuPage County is suable); *Byrd v. Cook County Sheriff Department*, No. 95 C 3131, 1996 WL 559955, at

3

*2 (N.D. Ill. Sep. 30, 1996); *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

II.  Claim II: Liability of the Officer of the Sheriff in his Official Capacity

In a sense, this first issue is of academic significance only, because the Court will construe the Amended Complaint generously and assess whether it can be read as an attempt to hold the Office of the Sheriff liable—*i.e.*, an attempt to allege a *Monell* claim against Sheriff Michael Sheahan. This claim also has not been pleaded. A suit against Sheriff Sheahan in his official capacity is, in essence, a suit against the Office of the Sheriff itself. *See Franklin v. Zaruba*, 150 F.3d 682, 684 n.2 (7th Cir. 1998) (collecting cases). Precedent teaches that liability will attach under Section 1983 "only when a governmental entity *causes* the violation, and proceeding against a municipality under a theory of *respondeat superior* falls short of establishing this level of causation." *Hirsch v. Burke*, 40 F.3d 900, 904 (7th Cir. 1994) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692-94 (1978) (emphasis in original); *accord Arlotta v. Bradley Ctr.*, 349 F.3d 517, 521-22 (7th Cir. 2003) (teaching that governmental "policy or custom must be the moving force behind the alleged constitutional deprivation."). Such liability may be demonstrated in one of three ways: (1) by an express policy that, when enforced, causes a constitutional deprivation; (2) by a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) by a showing that the constitutional injury was caused by a person with final policymaking authority. *See Franklin v. City of Evanston*, 384 F.3d 838, 843 (7th Cir. 2004); *McGreal v. Ostrov*, 368 F.3d 657, 684 (7th Cir. 2004).

In the instant case, Plaintiff does not allege any facts supporting the first instance in

4

which a municipality may be held liable—his Amended Complaint does not suggest that the unnamed officer, the Sheriff, or any other relevant official, acted pursuant to an express policy. Likewise, the Amended Complaint does not allege the existence of a widespread practice, much less one that is so permanent or well-established as to in effect take on the force of law. Thus, Plaintiff's claim, to survive, must allege that the injury was caused by someone with policy-making authority. But nowhere in his complaint does Plaintiff assert that the officer was a policymaker. In addition, Plaintiff does not claim that a city official with final policymaking authority acknowledged officer's conduct and approved of it; there is no assertion that someone with such authority signed off on the unnamed officer's behavior or directed him to behave in such a manner. To the extent Plaintiff's claim could be construed as being based on the Department's failure to punish the officer who ticketed him, this argument is also unavailing. *See, e.g., Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998) ("a plaintiff cannot establish a § 1983 claim against a municipality by simply alleging that the municipality failed to investigate an incident or take punitive action against the alleged wrongdoer.").[2]

III.  Claim III: Claims Against Sheriff Sheahan in his Individual Capacity

In addition, the Amended Complaint does not allege any claim against Sheriff Sheahan in his individual capacity. The Seventh Circuit has taught that "an *individual* cannot be held liable in a 1983 action unless he caused or participated in an alleged constitutional deprivation."

---

[2] The Amended Complaint seeks $200,000 in punitive damages. Precedent instructs that punitive damages are not available under a Section 1983 *Monell*-type claim. *See, e.g., Smith v. Lavelle*, No. 03 C 5706, 2004 WL 2056087, at *1 (N.D. Ill. Aug. 25, 2004) (Moran, J.) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271-72 (1981), and striking punitive damages request from complaint); *accord City of Newport*, 453 U.S. at 272 ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983.").

5

*Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original)); *accord, e.g., Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002). To be held responsible under supervisory liability, an individual must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988); *Young v. County of Cook*, No. 98 C 2215, 1999 WL 1129108, at *4 (N.D. Ill. Dec. 7, 1999) (citing *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986)). The Amended Complaint does not allege any facts showing that Sheriff Sheahan was involved in, directed, knew of and consented to, or acted with reckless indifference to, the incident that is the subject of this action. The Amended Complaint does not contain any allegation that suggests that Sheriff Sheahan was even aware of the traffic ticket involving Mr. Jackson's traffic accident (nor does commonsense invite any reason to think the Sheriff would have been involved or aware of this episode). Therefore, the Amended Complaint does not assert any claim against Sheriff Sheahan in his individual capacity.

IV.   Future Complaints Against the Unnamed Officer and "Relating Back"

Finally, the Court notes that neither the initial Complaint nor the Amended Complaint named as a putative defendant the particular Sheriff's Police Officer (his or her name appears nowhere in the pleadings) nor even a "John Doe" or "Jane Doe" defendant. While the Court need not reach the issue, in the interests of completeness, the Court notes that any attempt to add a specific new Sheriff's Police Officer defendant almost surely would be time-barred. Even where a plaintiff has timely included a "John Doe" defendant, Seventh Circuit precedent teaches

6

that the plaintiff cannot designate a specific defendant in lieu of the "John Doe" defendant where, as here, the statute of limitations has run. *See, e.g., Baskin*, 138 F.3d at 704 ("Thus, because . . . [the Section 1983 plaintiff] did not amend his complaint to name Officer Sotirakis as a defendant [to replace a John Doe defendant] until after the statute of limitations had expired, the district court properly dismissed his complaint against Officer Sotirakis as untimely.") (citing, *inter alia, Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *DuBois v. Sheriff of Winnebago County*, No. 03 C 50294, 2003 WL 21751841, at *2 (N.D. Ill. Jul. 29, 2003) ("[A] plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe defendants with named defendants after the statute of limitations has expired.").

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted and the Amended Complaint is dismissed without prejudice. If Mr. Jackson wishes to attempt to replead again, he should do so within 21 days of this Order. At that time, the dismissal will become one with prejudice in the absence of any further pleading being filed.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: 11-16-04